Filed 9/19/23  P. v. Sotomayor CA2/2

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | B328192 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA295122) |
| v. | |
| ELIANA SOTOMAYOR, | |
| Defendant and Appellant. | |

THE COURT:

Defendant and appellant Eliana Sotomayor (defendant) appeals from the denial of her petition for vacatur of her murder conviction and for resentencing under former Penal Code section 1170.95, now section 1172.6.[1]  After examination of the record,

---

[1]  Effective June 30, 2022, Penal Code section 1170.95 was renumbered section 1172.6, with no change in text.  (Stats. 2022, ch. 58, § 10.)  We will refer to the section by its new numbering only.

All further unattributed code sections are to the Penal Code unless otherwise stated.

defendant's appointed counsel found no arguable issues and filed a brief requesting we exercise our discretion to conduct an independent review of the record, citing *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*). Following the standard articulated in *Delgadillo*, we consider defendant's supplemental brief and conduct a limited review of the record. (*Id.* at pp. 230-232.) Finding no merit to defendant's appeal, we affirm the judgment.

## BACKGROUND

In 2007, a jury convicted defendant of attempted murder and found true the allegation that the offense was committed willfully, deliberately and with premeditation within the meaning of section 664, subdivision (a).[2] Defendant was also convicted of one count of first degree residential burglary and three counts of assault with a deadly weapon against three peace officers. The judgment was affirmed on direct appeal. (*People v. Sotomayor*, *supra*, B207064.)

After defendant's conviction, the Legislature passed Senate Bill No. 1437 (2017-2018 Reg. Sess.), amending sections 188 and 189, the laws pertaining to felony murder and murder under the natural and probable consequences doctrine, "to ensure that

---

[2] The jury also found that in the commission of the attempted murder defendant had personally used a firearm within the meaning of section 12022.53, subdivision (b). That true finding was stricken on appeal and the matter remanded for resentencing on that count. On remand defendant was sentenced to life in prison plus 46 years. (See *People v. Sotomayor* (Aug. 27, 2009, B207064) [nonpub. opn.].)

murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f).) Section 1172.6 provides a procedure for those convicted of murder or attempted murder to seek retroactive relief if they could not now be convicted under the amended laws. (§ 1172.6, subd. (a); see *People v. Lewis* (2021) 11 Cal.5th 952, 957.)

On May 27, 2022, defendant filed a section 1172.6 petition. The trial court issued an order that the petition was identical to the petition filed March 23, 2022 for which the court appointed counsel on April 29, 2022. It was also ordered that a handwritten declaration attached to the petition sought relief by way of habeas corpus. The court dismissed the May petition without prejudice to file a petition for writ of habeas corpus, and proceeded on the March petition. As the March petition does not appear in the appellate record we presume the court's order that the two petitions are identical is correct. (See Evid. Code, § 664.) We thus look to the allegations of the May petition to conduct our review.

The petition alleged an information had been filed against defendant that allowed the prosecution to proceed under a theory of felony murder, the natural and probable consequences doctrine, or other theory under which malice is imputed to a person based solely on that person's participation in a crime. The petition also alleged that defendant was convicted of attempted murder and could not now be convicted of attempted murder because of the changes to sections 188 and 189 effective January 1, 2019. The prosecutor filed a response to the petition, attaching copies of the opinion in *People v. Sotomayor*, *supra*, B207064, the

3

jury instructions given at defendant's 2007 trial, and the attempted murder verdict returned by the jury. Defense counsel filed a reply and a hearing was held to determine whether defendant had made a prima facie showing of eligibility under section 1172.6 on December 8, 2022. The trial court heard the argument of counsel and took the matter under submission.

The trial court issued a memorandum of decision on December 14, 2022, indicating that it had reviewed the jury instructions, and found the jury had been given CALCRIM No. 600, which required proof beyond a reasonable doubt that defendant acted with the intent to kill. The jury was also given CALCRIM No. 601, which instructed the jury that for it to find the attempted murder was premeditated, the People must have proven the attempted murder was committed willfully, and with deliberation and premeditation. The court noted there were no instructions regarding aiding and abetting or the natural and probable consequences doctrine. The trial court concluded defendant was convicted as the actual perpetrator, not under any theory of imputed malice. Finding defendant had failed to make a prima facie showing of eligibility for relief under section 1172.6, the court denied the petition.

Defendant filed a timely notice of appeal from the court's order.

## DISCUSSION

After examination of the record, appointed counsel filed an opening brief raising no issues. Where, as here, appointed counsel finds no arguable issues in an appeal that is not from the first appeal after conviction, we are not required to conduct an independent review of the record. (See *Delgadillo*, *supra*, 14 Cal.5th at p. 226.) However, we give defendant the opportunity

4

to file his or her own supplemental brief or letter and we then evaluate any specific arguments raised. (*Id.* at p. 232.)

Here, counsel provided defendant with a copy of the record on appeal and informed her of her right to file her own supplemental brief. We then notified defendant of counsel's brief, and gave her 30 days to file her own letter or brief stating any grounds for an appeal, contentions, or arguments she wished to be considered, and advised her that if no supplemental brief or letter is timely filed the court may dismiss the appeal as abandoned.

Defendant filed a supplemental letter within the time allowed but raised no issue regarding her section 1172.6 petition. Instead, defendant realleged most of the facts which appear in the declaration attached to her section 1172.6 petition relating to her claim of battered women's syndrome. Such allegations may be addressed by way of habeas corpus, not section 1172.6. (See generally § 1473.5; *In re Walker* (2007) 147 Cal.App.4th 533.)

If the record of conviction contains facts refuting the allegations of the petition as a matter of law, no prima facie showing can be made, and the petition is properly denied. (*People v. Lewis*, *supra*, 11 Cal.5th at p. 971.) For example, where the record shows no jury instructions were given regarding felony murder or the natural and probable consequences doctrine, or that petitioner was the actual perpetrator, she is ineligible for relief as a matter of law. (*People v. Harden* (2022) 81 Cal.App.5th 45, 52-53, 55-56.)

Like the trial court, we have reviewed the jury instructions included with the prosecutor's response to the petition and agree with the trial court's findings that CALCRIM No. 600, regarding the elements of attempted murder, required the People to prove

5

defendant acted with the intent to kill, and that CALCRIM No. 601 instructed the jury that to find the attempted murder premeditated, the People must have proven the attempted murder was committed willfully and with deliberation and premeditation. "Willfully" is defined in the instruction as intending to kill when she acted, and "premeditation" is defined as deciding to kill before acting.

Also like the trial court we found no instructions regarding aiding and abetting, thereby demonstrating defendant was the sole participant in the crime. We also found no instructions regarding the felony murder rule or the natural and probable consequences doctrine. Our review of the verdict confirms the jury found defendant premeditated the attempt to murder the victim. The verdict and the instructions demonstrate defendant was the actual perpetrator who acted with an intent to kill, and thus ineligible for relief under section 1172.6 as a matter of law. (See *People v. Harden*, *supra*, 81 Cal.App.5th at pp. 55-56.) The trial court did not err in denying the petition.

## DISPOSITION

The order denying the section 1172.6 petition is affirmed.

_____

ASHMANN-GERST, Acting P. J.  HOFFSTADT, J.  CHAVEZ, J.

6